UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

ALAN SAIN,

    Defendant/Petitioner.
_____/

Case No. 06-20156

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO CORRECT, SET ASIDE AND/OR VACATE CONVICTION OR SENTENCE PURSUANT TO 28 U.S.C. § 2255(f)(3) [22, 26, 29]**

Before the Court is Petitioner Alan Sain's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, motion to amend, and reply to Government's response. (ECF nos. 22, 26, 29.) The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 2255, based on Petitioner's negotiated Rule 11 plea agreement in this Court on August 1, 2006. (ECF no. 16.) This Court is familiar with the previous proceedings, has reviewed the pleadings and supporting documentation, and Petitioner has suggested no evidence to support his motion. The motion, files and records of the case conclusively show that the Petitioner is entitled to no relief; Petitioner's claims do not raise a factual dispute and the Court finds that an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). The Court has reviewed these pleadings and denies Petitioner's motion with prejudice.

## I. Background Facts and Procedural History

The following facts were the basis for Petitioner's 2006 guilty plea in the Rule 11 agreement and are consistent with the facts set forth by the Government in its response:

> In or about January of 2006 in the Eastern District of Michigan, Southern Division, defendant ALAN SAIN, created digital pictures of a 5 year old girl that involved a lascivious display of her genital area while she was in his care as her babysitter. On or about March 15, 2006, also in the Eastern District of Michigan, Defendant SAIN shipped the pictures or images, knowing that they contained child pornographic content, via computer and the internet, in interstate commerce. The images were sent to an undercover agent SAIN had been in communication with regarding his interest in having sexual contact with her "young daughter." Following his arrest, a search warrant was executed and SAIN was found to be in possession of additional child pornographic images which depicted real children.

(Rule 11 Plea Agr. 3-4, ECF no. 16; Gov't Resp. to Def.'s Mot. 1-2, ECF no. 28.)

Petitioner's counts of conviction were sexual exploitation of children under 18 U.S.C. § 2251(a) (Count 1), transportation/shipment of child pornography under 18 U.S.C. § 2252A(a)(1) (Count 2), and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) (Count 3). (Judgment, ECF no. 18.) Petitioner was sentenced to 300 months on Count 1, 240 months on Count 2 and 120 months on Count 3, to run concurrent. (*Id.*) Judgment was entered in this case November 17, 2006. (Judgment, ECF no. 18.)

## II. Standard

Petitioner brought this motion to correct, set aside and/or vacate his sentence pursuant to Title 28 U.S.C. § 2255(f)(3) on August 10, 2018. 28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner generally has one year following the judgment of conviction in which to bring such a motion.

> (f) A 1-year period of limitation shall apply to a motion under [section 2255]. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

There is no evidence that Petitioner took a direct appeal from his conviction and sentence. Petitioner's § 2255 motion was filed well outside the 1-year window following entry of the November 2006 judgment in this case. Petitioner argues in part that § 2255 subsections (2) and (4) apply to extend his filing period. (Pet'r's Reply, ECF no. 29.) The Court has considered his arguments and finds that Petitioner does not allege facts that would show an impediment created by governmental action that prevented him from making a timely motion, nor does he allege any facts not previously known that could not have been timely discovered through the exercise of due diligence. *See* 28 U.S.C.

3

2255(f)(2) and (4). Petitioner initially filed this motion pursuant to section 2255(f)(3), primarily relying on *Lee v. United States*, a 2017 Supreme Court case, and arguing that it asserts a right "newly recognized by the Supreme Court." *See Lee v. United States*, 137 S.Ct. 1958 (2017); (Pet'r's Mot. 1, ECF no. 22).

## III. Analysis

Petitioner relies on *Lee v. United States*, 137 S.Ct. 1958 (2017), and *Class v. United States*, 138 S.Ct. 798 (2018), as the basis to extend the date on which he should have filed his § 2255 motion, which primarily argues an ineffective assistance of counsel claim. Yet Petitioner does not specifically identify a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" that would be applicable to his case.

In *Lee*, the petitioner demonstrated that he had been prejudiced by his counsel's erroneous advice in the context of accepting a plea agreement that would result in deportation. *See Lee*, 137 S.Ct. at 1968-69. At the time of his indictment, Petitioner Lee had been living in the United States for over three decades as a lawful permanent resident, but was not a United States citizen. *Id.* at 1963. Prior to agreeing to a plea, Lee "informed his attorney of his noncitizen status and repeatedly asked him whether he would face deportation as a result of the criminal proceedings." *Id.* at 1963. The attorney assured him that "he would not be deported as a result of pleading guilty." *Id.* When Lee learned that "he would be deported after serving his sentence," he filed a § 2255 motion, arguing ineffective assistance of counsel. *Id.*

There was "no question that 'deportation was the determinative issue in Lee's

4

decision whether to accept the plea deal.'" *Id.* at 1967. The Supreme Court came to the conclusion that "Lee's claim that he would not have accepted a plea had he known it would lead to deportation is backed by substantial and uncontroverted evidence." *Id.* at 1969. In holding that Lee demonstrated a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," the Court relied on established precedent for a claim of ineffective assistance of counsel at the plea stage, not a newly recognized right. *See id.* at 1965 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Plaintiff also cites *Class v. United States*, 138 S. Ct. 798 (2018), as a basis for relief. The Supreme Court in *Class* held that a guilty plea by itself does not bar "a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Id.* at 803. This is not a "newly recognized" right. The Supreme Court pointed out that "this holding flows directly from this Court's prior decisions" and cited cases going back decades for this established principle. *See e.g., id.* at 803, citing *Blackledge v. Perry*, 417 U.S. 21 (1974). Further, *Class* concerns the right to challenge the constitutionality of the statute of conviction, which is not at issue in Petitioner's motion. Neither *Lee* nor *Class* establishes a new right by which to extend Petitioner's time to file a § 2255 motion. Further, Petitioner does not allege facts to support an impediment created by governmental action that prevented him from making a timely § 2255 motion, nor new facts to support his claims. *See* 28 U.S.C. § 2255(f).

Petitioner further argues that the procedural default doctrine does not apply to claims of ineffective assistance of counsel, citing *Massaro v. United States*, 538 U.S. 500

(2003). While it is true that ineffective assistance of counsel may be raised in a § 2255 motion after the time for filing a direct appeal, and indeed Petitioner alleges that his counsel failed to file an appeal, that does not negate the statute of limitations for filing a § 2255 motion, absent one of the exceptions in subparts (f)(2), (3), or (4), which do not apply here. (Sain Aff. ¶ 4, Pet'r's Reply Ex. M, ECF No. 29-1.) *Massaro* does not provide that an ineffective assistance claim may be raised at *any* time, for example, more than 10 years after the judgment, but only that ineffective assistance claims may properly be brought in a § 2255 motion. *See Massaro*, 538 U.S. at 505-06.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability must issue before an appeal may be taken to the court of appeals from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are "adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) (citations omitted); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For the reasons set forth herein, the Court DENIES with prejudice Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and DENIES Petitioner a certificate of appealability.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 17, 2019

I hereby certify that a copy of the foregoing document was served upon parties and counsel of record on December 17, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

7