UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                          Case No. 06-20156

v.                                         Honorable Nancy G. Edmunds

ALAN SAIN,

Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
EMERGENCY MOTION TO REDUCE SENTENCE [38]**

Defendant Alan Sain is currently in the custody of the Federal Bureau of Prisons

("BOP") at FCI Loretto in Pennsylvania.  The matter is before the Court on Defendant's

emergency motion for compassionate release.  (Dkt. 38.)  The government opposes

Defendant's motion.  (Dkt. 42.)  The Court has reviewed the record in its entirety and

finds that a hearing is not necessary.  For the reasons set forth below, the Court

DENIES Defendant's motion for compassionate release.

**I.      Background**

On August 1, 2006, Defendant pled guilty to one count of sexual exploitation of

children in violation of 18 U.S.C. § 2251(a) (Count 1), one count of

transportation/shipment of child pornography in violation of 18 U.S.C. § 2252A(a)(1)

(Count 2), and one count of possession of child pornography in violation of 18 U.S.C. §

2252A(a)(5)(B) (Count 3).  (Dkt. 16.)  As set forth in Defendant's Rule 11 plea

agreement, the factual basis for his guilty pleas is as follows:

In or about January of 2006 in the Eastern District of Michigan, Southern
Division, defendant ALAN SAIN, created digital pictures of a 5 year old girl

1

> that involved a lascivious display of her genital area while she was in his care as her babysitter.  On or about March 15, 2006, also in the Eastern District of Michigan, Defendant SAIN shipped the pictures or images, knowing that they contained child pornographic content, via computer and the internet, in interstate commerce.  The images were sent to an undercover agent SAIN had been in communication with regarding his interest in having sexual contact with her "young daughter."  Following his arrest, a search warrant was executed and SAIN was found to be in possession of additional child pornographic images which depicted real children.

(*Id.* at PgID 35-36.)  On November 7, 2006, the Court sentenced Defendant to a term of imprisonment of 300 months on Count 1, 240 months on Count 2, and 120 months on Count 3 to run concurrently.  (Dkt. 18.)  Defendant's projected release date is July 3, 2027.

On April 2, 2020, Defendant petitioned the Warden at FCI Loretto for compassionate release.  (Dkt. 38-2, PgID 593-94.)  The Warden denied that request.  (*Id.* at PgID 596.)  On June 6, 2020, Defendant requested the appointment of counsel to assist him in the filing of a compassionate release motion.  (Dkt. 36.)  The Court denied that request.  (Dkt. 37.)

Defendant, thru counsel, now moves for his release based on the health concerns associated with the COVID-19 pandemic.  He states that FCI Loretto is experiencing an outbreak of COVID-19.  Defendant argues that he has a heightened risk of severe illness if he does contract the virus due to his multiple health ailments, including sleep apnea, degenerative disc disease, obesity, and hypertension.  Defendant also avers that he has taken significant steps towards rehabilitation during his fourteen years of incarceration; his efforts include reading self-help and psychology books and taking courses in drug education, real estate planning, and leatherworking.  He requests the Court either reduce his sentence to time served or, alternatively, allow

him to serve the remainder of his sentence in home confinement.  If released, Defendant intends to live with his mother on a family homestead in a rural area and help care for his ailing parents.

In its response, the government states that FCI Loretto administration has expressed its belief that no positive COVID-19 cases have come from the unit where Defendant is housed.  Defendant himself was tested for COVID-19 on July 29, 2020 to make sure that he was not an asymptomatic carrier of the virus.  (Dkt. 43, PgID 915, filed under seal.)  The government notes that after an evaluation at the time of Defendant's sentencing, a psychologist concluded that Defendant had a narcissistic profile and recommended that he have intensive and structured sex offender treatment in prison.  The government states that while Defendant has completed a number of classes while incarcerated, with the exception of drug education, those classes were directed at his interests and hobbies.  Defendant has not taken any classes that address social skills, psychological issues, or victimization and he has rejected sex offender treatment.

## II.    Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

3

> (i)    extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Thus, in order to be entitled to relief under § 3582(c)(1)(A), a defendant must both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government concedes that Defendant has exhausted his administrative remedies.  The government also states that Defendant has satisfied the threshold requirement of extraordinary and compelling reasons because of the heightened risk that COVID-19 poses to Defendant due to his obesity.[1]  The government argues, however, that Defendant is not entitled to the relief he seeks.

Under U.S.S.G. § 1B1.13, the applicable policy statement issued by the Sentencing Commission, a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community.  § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).  Moreover, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.  *See* § 3582(c)(1)(A).  These sentencing factors are "largely duplicative"

---

[1]Defendant's medical records confirm that Defendant is obese, (*see, e.g.*, dkt. 38-2, PgID 623), which places him "at increased risk of severe illness from COVID-19," *see* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  The government argues, however, that Defendant's remaining medical conditions do not constitute a sufficient basis for his request.  In light of the government's concession regarding the heightened risk Defendant faces from the virus, the Court need not address this argument and will assume, without deciding, that Defendant's health concerns in light of the COVID-19 pandemic constitute extraordinary and compelling reasons in this case.

4

of the factors found in § 3142(g), *see United States v. Rountree*, No. 1:12-CR-0308 (LEK), 2020 U.S. Dist. LEXIS 91064, at *32 (N.D.N.Y. May 18, 2020), and include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities, *see* § 3553(a).  Courts have refused to grant a defendant compassionate release, despite extraordinary and compelling reasons, if the release would present a danger to society or would be inappropriate in light of the § 3553(a) factors.  *See, e.g.*, *United States v. Dukes*, No. 18-20323, 2020 U.S. Dist. LEXIS 132225, at *6 (E.D. Mich. July 27, 2020).

The government argues that Defendant's release would pose a danger to society.  The government also argues that the § 3553(a) factors strongly weigh against Defendant's release.  The Court agrees.

Defendant's offenses are very serious and include the exploitation of a young child placed in Defendant's care to produce child pornography and an attempt to use child pornographic images to meet other children for the same purpose.  And while Defendant states that he has not yet participated in the BOP's sex offender treatment program because he is not within three years of release, the government has presented evidence that Defendant did not take advantage of the opportunity to participate in a non-residential sex offender treatment program that was offered to him.  (*See* dkt. 46, filed under seal.)  Nor has Defendant taken BOP courses that address the psychological issues he faces.  (*See* dkt. 38-2, PgID 629-30.)  Thus, his efforts at rehabilitation have not been directed towards the areas they are needed most.

At the time of sentencing, the Court recognized Defendant's willingness to be cooperative with the government once he was apprehended but noted the seriousness of his offenses, stating "[t]his is a horrible case." (*See* dkt. 21, PgID 98.)  The Court therefore found the applicable guideline range reasonable and imposed a sentence within that range to further the goals of just punishment, protection of society, and deterrence.  (*See id.* at PgID 99.)  Defendant's health concerns in the context of the COVID-19 pandemic, although relevant personal characteristics, are not sufficient to alter the weighing of the sentencing factors in any significant way.  In sum, the Court finds that Defendant's release would both pose a danger to society and be inconsistent with the § 3553(a) factors.  Therefore, he is not entitled to the relief he seeks.

## III.    Conclusion

Based upon the foregoing, Defendant's emergency motion for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: September 3, 2020


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 3, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager