UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 06-20156

v.                                          Honorable Nancy G. Edmunds

ALAN SAIN,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [49]**

Defendant Alan Sain is currently in the custody of the Federal Bureau of Prisons ("BOP"), serving a 300-month term of imprisonment at FCI Loretto in Pennsylvania. On September 3, 2020, the Court denied Defendant's emergency motion to reduce sentence under 18 U.S.C. § 3582(c). (Dkt. 48.) The matter is now before the Court on Defendant's emergency motion for reconsideration of that order. (Dkt. 49.)

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

1

Defendant argues that reconsideration is warranted because the Court erred when it concluded he remains a danger to society.[1]  In support of this contention, Defendant rehashes his arguments regarding his rehabilitation efforts and notes that he enrolled in a self-guided therapeutic program which required purchasing and reading a significant number of psychology books.  The Court finds that these arguments are merely an improper attempt to relitigate the same issue that was before the Court at the time it considered his motion.  *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (noting that "motions for reconsideration are not the proper vehicle to relitigate issues previously considered") (internal quotations and citation omitted).

Defendant also argues that the Court was misled when the government asserted that he declined to participate in a non-residential sex offender treatment program.  He states that he simply requested to consult with his attorney prior to accepting an offer to participate in that sex offender management program.  He further states that he was advised by several attorneys not to participate in any BOP sex offender treatment because under the Adam Walsh Act, the BOP may certify individuals for civil commitment if they are deemed "sexually dangerous persons" and may use statements

---

[1] Defendant also disputes the government's contention that he faces an increased risk for severe illness from COVID-19 as a result of his obesity only.  He argues that his heightened risk is due to both his weight *and* his uncontrolled hypertension.  As Defendant acknowledges, however, in light of the government's concession regarding his health, the Court found it unnecessary to address Defendant's other medical conditions and assumed, without deciding, that Defendant's health concerns in light of the pandemic constitute extraordinary and compelling reasons that may warrant relief under § 3582(c).  (*See* dkt. 48, PgID 1065 n.1.)  Thus, Defendant's arguments regarding his hypertension go to an issue that had no bearing on the Court's denial of his motion.

made by inmates during sex offender treatment programs in making this determination. The Court need not address these arguments Defendant raises for the first time.  *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that parties should not use motions for reconsideration "to raise arguments which could, and should, have been made before judgment issued") (internal quotations and citation omitted). Defendant did not file a reply, responding to the government's assertions on this issue. And while he now states that a reply was delayed due to difficulty in arranging a phone call between counsel and client, he could have sought an extension for his reply but failed to do so.  The Court also notes that Defendant had asserted in his original motion that he had not yet participated in the BOP's sex offender treatment program because he is not within three years of release, which seemingly contradicts the argument he makes here.  In sum, Defendant may disagree with the Court's conclusion, but he has not identified a palpable defect upon which the Court and the parties have been misled.

And even *if* the Court were to reconsider its finding that Defendant's release would pose a danger to society, this would not result in a different disposition of the case because the Court also found that a sentence reduction would be inconsistent with the remaining sentencing factors set forth in 18 U.S.C. § 3553(a).  (*See* dkt. 48, PgID 1066-67.)  Thus, Defendant is not entitled to the relief he seeks.

Based upon the foregoing, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

                                                        s/Nancy G. Edmunds
                                                        Nancy G. Edmunds
                                                        United States District Judge

Dated: September 21, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager