UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 06-20156

v.                                          Honorable Nancy G. Edmunds

ALAN SAIN,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [59]**

Defendant Alan Sain is currently in the custody of the Federal Bureau of Prisons ("BOP"), serving a 300-month sentence at FCI Loretto in Pennsylvania. Before the Court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 59, 62, 63.) The government opposes the motion. (ECF Nos. 64, 65.) Defendant has filed a reply. (ECF No. 66.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On August 1, 2006, Defendant pled guilty to sexual exploitation of children in violation of 18 U.S.C. § 2251(a) (Count 1), transportation/shipment of child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Count 2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). (ECF No. 16.) As set forth in the Rule 11 plea agreement, the following facts were the basis for the plea:

> In or about January of 2006 in the Eastern District of Michigan, Southern Division, defendant ALAN SAIN, created digital pictures of a 5 year old girl that involved a lascivious display of her genital area while she was in his care as her babysitter. On or about March 15, 2006, also in the Eastern District of Michigan, Defendant SAIN shipped the pictures or images,

1

>knowing that they contained child pornographic content, via computer and the internet, in interstate commerce. The images were sent to an undercover agent SAIN had been in communication with regarding his interest in having sexual contact with her "young daughter." Following his arrest, a search warrant was executed and SAIN was found to be in possession of additional child pornographic images which depicted real children.

(*Id.* at PageID.35-36.) On November 7, 2006, the Court sentenced Defendant to a term of imprisonment of 300 months on Count 1, 240 months on Count 2, and 120 months on Count 3 to run concurrently. (ECF No. 18.) Defendant's projected release date is August 26, 2027.

This is not the first time Defendant has moved for relief under § 3582(c)(1)(A). In his first motion for compassionate release, filed on August 9, 2020, Defendant relied on his health concerns associated with the COVID-19 pandemic as the basis for the request. (ECF No. 38.) That request was denied after the Court found that Defendant's release would pose a danger to society and would not be consistent with the factors in 18 U.S.C. § 3553.[1] (ECF No. 48.) Defendant now seeks compassionate release so he may care for his elderly father, who suffers from serious health conditions and requires assistance with activities of daily living. (ECF No. 59.)

## II.   Legal Standard

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's

---

[1] Defendant's motion for reconsideration of that opinion and order was later denied. (ECF Nos. 49, 50.)

2

administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting relief, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The relevant policy statement was recently amended and now applies to motions filed directly by defendants. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023).[2]

### III. Analysis

Defendant has attached an administrative request seeking compassionate release based on the need to care for his father dated September 27, 2022. (ECF No. 59-1, PageID.1226-27.) In its initial response to Defendant's motion, the government states it is unclear whether Defendant exhausted his administrative remedies but addresses Defendant's motion on the merits. In a supplemental response, the government states that there is no record of prison officials receiving that administrative request. In light of the government's initial response and Defendant's representation that the request was submitted, the Court finds a consideration of the motion on the merits appropriate here.

---

[2] The government does not acknowledge the amendments and cites to the previous version of the policy statement that was found non-binding on courts considering defendant-filed motions for compassionate release.

Defendant argues that his elderly father's need for assistance constitutes an extraordinary and compelling reason for his release. The relevant policy statement was recently amended to define extraordinary and compelling reasons to include "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." See U.S.S.G. § 1B1.13(b)(3)(C). While the record demonstrates that Defendant's father has serious medical conditions, it does not appear that those conditions rise to the level of incapacitation. A note from a medical provider indicates that Defendant's father "is unable to *fully* care for himself in a safe environment" and states that he does not use the stove because he is "fearful." (ECF No. 59-1, PageID.1247; *see also* ECF No. 59-1, PageID.1263-64.) But ultimately the Court need not resolve this issue because even if Defendant could show there were extraordinary and compelling reasons here, he would not be entitled to the relief he seeks.[3]

Prior to granting compassionate release, the Court must consider the sentencing factors in § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the underlying offenses are very serious. At the time of sentencing, the Court found that a 300-month sentence achieved the statutory objectives in § 3553(a), including

---

[3] The Court notes that one of the cases cited by Defendant in support of his argument that courts have granted compassionate release to persons imprisoned for sex offenses was reversed by the Sixth Circuit Court of Appeals. *See United States v. Sweet*, No. 21-1477, 2021 U.S. App. LEXIS 34509 (6th Cir. Nov. 18, 2021).

the need to provide just punishment, protection of society, and deterrence. (*See* ECF No. 21, PageID.99.) In 2020, the Court found that the original sentence remained appropriate. (*See* ECF No. 48.) While Defendant's father's deteriorating health is unfortunate, it is insufficient to tip the balance of the relevant factors in favor of release now. The Court commends Defendant on his efforts towards rehabilitation and recognizes that both the BOP and an expert have found him to pose a low risk for recidivism but finds that his original sentence remains appropriate. Because the sentencing factors do not counsel in favor of release, Defendant's request is denied.

IV. **Conclusion**

For the reasons above, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

5